IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02177-DDD-NYW

OLIVER BIEWALD,

    Plaintiff,

v.

SEP SOFTWARE CORPORATION SYSTEMS, INC.,
SEP AG, and
TIMOTHY ALAN WAGNER,

    Defendants.

## MINUTE ORDER

Entered By Magistrate Judge Nina Y. Wang

    This matter comes before the court on Plaintiff Oliver Biewald's ("Plaintiff" or "Mr. Biewald") Motion for an Extension of Time to Serve Defendant SEP AG (the "Motion for Extension of Time") and Motion for Order Appointing an International Process Server (the "Motion to Appoint International Process Server"), filed October 24, 2019, [#12; #13], that were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.§ 636(b) and the Order Referring Case dated October 30, 2019. [#17]. For the following reasons, the court **GRANTS** the Motion for Extension of Time and **DENIES without prejudice** the Motion to Appoint International Process Server.

    First, Plaintiff requests an extension of time to serve Defendant SEP AG, a German for-profit corporation. *See* [#12 at ¶ 4].[1] Plaintiff explains that as a German entity, the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") governs the service of process on Defendant SEP AG, and requires Plaintiff to translate the pleadings into German, complete and file a United States Marshall Form 94, and then transmit all relevant documents to the appropriate Central Authority in Germany. *See* [*id.* at ¶¶ 5-8]. Mr. Biewald asserts that the Hague Convention does not prescribe a time to effectuate service and the 90-day limit of Rule 4(m) of the Federal Rules of Civil Procedure does not apply, but Plaintiff nevertheless requests an extension of time until February 26, 2020 to serve Defendant SEP AG. *See* [*id.* at ¶¶ 9-15]. Based on the foregoing, Mr. Biewald shall have up to and including February 26, 2020 to serve Defendant SEP AG.

---

[1] The docket reflects executed service of summonses on Defendants SEP Software Corporation Systems, Inc. and Timothy Alan Wagner, whose answers or other responses to the Complaint are due on or before October 28, 2019. *See* [#10; #11]. Further, a Scheduling Conference is set for December 3, 2019. *See* [#9].

Second, Plaintiff requests an order from the court designating Celeste Ingalls ("Ms. Ingalls") of "Crowe Foreign Services as the international process server authorized to issue a request for service and forward said request with the documents to be served to Germany under the established protocol of the Hague Convention." [#13 at ¶ 9]. Plaintiff avers that such an order is necessary to properly effect service on Defendant SEP AG in Germany under the Hague Convention. *See* [*id.* at ¶¶ 5-8]. Pursuant to Rule 4(f)(1) of the Federal Rules of Civil Procedure, service of process may be accomplished "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Germany is a signatory to the Hague Convention, and thus Plaintiff may serve Defendant SEP AG through the Hague Convention, which is "intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions will receive actual notice of suit, and to facilitate proof of service abroad." *Clancy Sys. Int'l, Inc. v. Image Sensing Sys., Inc.*, No. 16-CV-01848-CMA-KMT, 2016 WL 9344080, at *3 (D. Colo. Oct. 14, 2016) (brackets and internal quotation marks omitted). To assist in that service, Plaintiff designates Ms. Ingalls of Crowe Foreign Services as his international process server, and represents that Ms. Ingalls indicates that Germany requires an Order from this court before effectuating service on a Germany company in Germany. This court's review of the Hague Convention as to Germany does not suggest that an international process server is required, rather than reliance upon the appropriate Central Authority to itself arrange for service, and Plaintiff has failed to provide any legal authority for such an appointment. Indeed, the entirety of the authority for Ms. Ingalls' appointment appears to be her own representation. Although at least one court has authorized Ms. Ingalls to serve process on a foreign entity pursuant to the Hague Convention, *see Wright v. Old Gringo Inc.*, No. 17-CV-1996-BAS-NLS, 2018 WL 3707260, at *1 (S.D. Cal. Aug. 3, 2018), this court declines to do so without further authority.

For the reasons stated herein, **IT IS ORDERED** that:

(1)     Plaintiff's Motion for an Extension of Time [#12] is **GRANTED** and Plaintiff shall have up to and including **February 26, 2020** to serve Defendant SEP AG; and

(2)     Plaintiff's Motion for Appointment of International Process Server [#13] is **DENIED without prejudice.**

DATED: November 4, 2019